# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1165

_____

| | | |
|---|---|---|
| Vincent Fast Horse, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Russell Waterbury, Deputy Sheriff, | * | District Court for the District |
| Bennett County; | * | of South Dakota. |
| | * | |
| Defendant-Appellee, | * | [UNPUBLISHED] |
| | * | |
| Cecelia Tallman, former dispatcher, | * | |
| Bennett County, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  June 19, 2000

Filed:  June 29, 2000
_____

Before WOLLMAN, Chief Judge, FAGG, and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Vincent Fast Horse sued Bennett County Deputy Russell Waterbury for violation of his civil rights under 42 U.S.C. § 1983 during and after Fast Horse's arrest for rape. The district court granted Waterbury's motion for summary judgment and Fast Horse

appeals. Waterbury's use of mace to restrain Fast Horse, who was caught in the act of raping and beating his victim, see Jones v. Shields, 207 F.3d 491, 496 (8th Cir. 2000), Waterbury's failure to anticipate a physical attack on Fast Horse by his victim's friend as he knelt cuffed on the ground, see Mooreman v. Sargent, 991 F.2d 472, 474 (8th Cir. 1993), and Waterbury's conduct in taking Fast Horse's clothes for evidence in the rape and leaving Fast Horse naked in his cell for 30-45 minutes, see Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999), did not violate any of Fast Horse's constitutional rights. We thus conclude that the district court properly granted Waterbury summary judgment and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.